■ AZHAR YAHYA et al., Appellants, v HERMAN SCHWARTZ et al., Respondents. [674 NYS2d 430] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Queens County (Goldstein, J.), dated July 7, 1997, which granted the defendants' motion for summary judgment dismissing the complaint, and (2) so much of an order of the same court dated December 22, 1997, as, upon (a), in effect, granting the plaintiffs' motion to restore to the calendar their motion for reargument of the defendants' motion for summary judgment, and (b) granting reargument, adhered to the determination in the order dated July 7, 1997.

Ordered that the appeal from the order dated July 7, 1997, is dismissed, as that order was superseded by the order dated December 22, 1997, made upon reargument; and it is further,

Ordered that the order dated December 22, 1997, is reversed

insofar as appealed from, the order dated July 7, 1997, is vacated, and the defendants' motion for summary judgment is denied; and it is further,

Ordered that the plaintiffs awarded one bill of costs.

In opposition to the defendants' motion for summary judgment, the injured plaintiffs, Azhar Yahya and Adrienne Ranasinghe, submitted affidavits prepared by Dr. Donald Goldman which were based on examinations of the injured plaintiffs which he had made approximately two months earlier. The affidavits indicated that Mr. Yahya experienced a restriction of movement to 30-35 degrees with regard to right rotation and left rotation of his cervical spine and that Ms. Ranasinghe experienced a restriction of movement to 40 degrees with regard to her lumbar spine. The affidavits were sufficient to raise a triable issue of fact as to whether the injured plaintiffs sustained "significant limitation of use of a body function or system" (Insurance Law § 5102 [d]; *see also, Pareti v Giglietta,* 221 AD2d 607). Bracken, J. P., Copertino, Santucci and McGinity, JJ., concur.